UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IMAD DAWARA,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　　　Respondent. | Civil Action No. 23-21817 (ZNQ)<br><br>**MEMORANDUM OPINION** |

**<u>QURAISHI, District Judge</u>**

　　This matter comes before the Court on a habeas petition filed by Petitioner Imad Dawara in November 2023. (ECF No. 1.)  In his petition, Petitioner asserted that he had been improperly given a violent crime security factor which had prevented him from being placed on home confinement under the CARES Act, and that the Court should order that he be placed in home confinement under the CARES Act in light of his significant medical issues and the limited treatment available in prison.  (*Id.*)  Following an order to answer, the Government filed a Response to the petition (ECF No. 10), to which Petitioner replied.[1]  (ECF No. 11.)

　　On December 21, 2025, the Government filed an update letter.  (ECF No. 15.)  In that letter and the accompanying documents, the Government informs the Court that Petitioner was transferred from Fort Dix to a residential facility in March 2025, and was thereafter placed on home confinement in April 2025, where he is to remain pending the completion of his custodial sentence in June 2026.  (*Id.* at 1-2; ECF No. 15-1 at 2.)  The Government therefore argues that this

---

[1] This matter was previously assigned to another district judge and was reassigned to the undersigned on June 21, 2024.  (*See* ECF Nos. 12-13.)

matter has become moot as the sole relief Petitioner sought in this matter – home confinement – has now been provided to him, albeit through a different mechanism than that Petitioner initially sought to use.  (ECF No. 15 at 1-2.)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

In his habeas petition, Petitioner raised two claims – a challenge to a violent crime security factor which affected his classification level and entitlement to placement in home confinement under the CARES Act, and a conditions of confinement claim through which he sought placement in home confinement in light of his significant medical issues.  To the extent that Petitioner's challenge to the security factor has not become moot in light of Petitioner's placement on home confinement, this Court is without jurisdiction to address that claim.  Habeas jurisdiction only permits this Court to address the fact, duration, or execution of a sentence, it generally may not be used to challenge the "facets of day to day prison life," and "challenges to even erroneous security factor [decisions] and resulting [security] classification levels are not cognizable in a habeas action as such factors do not directly affect the fact, duration, or execution of a sentence."  *Mungin v. Cruz*, No. 23-4078, 2024 WL 3289645, at *1 (D.N.J. July 3, 2024); *see also Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, 71 (3d Cir. 2017).  This Court is thus without jurisdiction to address the violent crime security factor Petitioner sought to challenge in this matter.  Accordingly, to the extent that claim is not moot, it is still dismissed without prejudice.

In his remaining claim, Petitioner sought to have this Court place him in home confinement under the CARES Act based on the conditions of his confinement – specifically his history of heart issues and the limited medical treatment for those issues available in prison.  To the extent Petitioner sought relief under the CARES Act, that relief became unavailable when that program, and the expanded home confinement availability it provided, expired in 2023.  *Mungin*, 2024 WL 3289645 at *2.  Petitioner's request for relief under the CARES Act must therefore be denied.  *Id.*

Petitioner also sought home confinement more generally as a remedy for his allegedly unlawful conditions of confinement, but he has already received that relief during the pendency of this matter as he was released to home confinement in April 2025. Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved.  *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'"  *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release.  *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009).  As Petitioner has now been released from prison and placed on home confinement, he has already received the relief he sought in this matter, and is no longer subject to the conditions of confinement he sought to challenge.  His claim has therefore become moot, and must be dismissed as such.

In conclusion, Petitioner's habeas petition (ECF No. 1) shall be dismissed without prejudice in its entirety.  An appropriate order follows.


Date: March 6, 2026

                                                                  s/ Zahid N. Quraishi
                                                          **ZAHID N. QURAISHI**
                                                          **UNITED STATES DISTRICT JUDGE**